UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROBERT BRYMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20-cv-00106-JPH-DLP |
| | ) |
| PILOT TRAVEL CENTERS, LLC | ) |
| d/b/a PILOT FLYING J, | ) |
| ARBY'S RESTAURANT GROUP, INC. | ) |
| d/b/a ARBY'S RESTAURANT, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON JURISDICTION**

Defendant Pilot Travel Centers, LLC has removed this action from state court, alleging that this Court has diversity jurisdiction. Dkt. 1. The notice of removal, however, does not adequately allege the citizenship of all Defendants. A corporation is deemed a citizen of any state in which it is incorporated and of the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); *see Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 676 (7th Cir. 2006). Here, Pilot alleges only the states of incorporation for Arby's Restaurant Group and FJ Management, Inc. Dkt. 1 ¶¶ 10, 12. Those allegations are not sufficient to establish complete diversity because it neglects to state their principal places of business.

A federal court always has the responsibility to ensure that it has subject matter jurisdiction. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). This duty requires the Court to know the details of the underlying jurisdictional allegations even when jurisdiction is not contested by the parties.

1

*See Evergreen Square v. Wis. Hous. and Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("[T]he parties' united front is irrelevant since the parties cannot confer subject-matter jurisdiction by agreement . . . and federal courts are obligated to inquire into the existence of jurisdiction *sua sponte* . . . .").

Accordingly, Pilot **SHALL FILE** a jurisdictional statement **by April 20, 2020**, addressing the issues identified in this order and analyzing jurisdiction as of the time of removal. *See Hukic*, 588 F.3d at 427. Plaintiff **SHALL RESPOND** to Pilot's jurisdictional allegations by **May 4, 2020**. *See* S.D. Ind. L.R. 81-1(b).

**SO ORDERED.**

Date: 3/17/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Christopher J. Appel
Due Doyle Fanning & Alderfer LLP
cappel@duedoyle.com

Alexander H. Burns
Withered Burns, LLP
8 N. Third Street, Suite 401
Lafeyette, IN 47902

Danford Royce Due
DUE DOYLE FANNING & ALDERFER LLP
ddue@duedoyle.com

Zachary T. Williams
Withered Burns, LLP
8 N. Third Street, Suite 401
Lafeyette, IN 47902